UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 0 3 2010 ★

BROOKLYN OFFICE

-------------------------------------------------------------X

INEZ NICAISSE

                    Plaintiff,

       -against-

INDEPENDENT RECOVERY RESOURCES

                   Defendant(s).

-------------------------------------------------------------X

CV 10 - 3548

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

BIANCO, J.

WALL, M.J.

Plaintiff INEZ NICAISSE ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant INDEPENDENT RECOVERY RESOURCES ("IRR") hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.       Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.       Plaintiff is a resident of the State of New York, residing at 215 Tree Ave, Central Islip, N.Y. 11722.

3.       Defendant INDEPENDENT RECOVER RESOURCES is a company organized in New York with their main office at 24 Railroad Ave., Patchogue, N.Y. 11772.

4.       IRR is a "debt collector" as the phrase is defined and used in the FDCPA

under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7.      Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Independent Recovery Resources.

8.      This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9.      The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10.     The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the

hypothetical "least sophisticated consumer".

11.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.    Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18.    Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.    On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

22.    On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by calling the Plaintiff and leaving prerecorded computerized  messages on her phone in April.

23.    The Defendant's numerous messages left on the Plaintiff's answering machine were all devoid of the complete required disclosures identifying themselves as debt collectors, that they were attempting to collect a debt, and any information obtained would be used for that purpose. The Defendant's message is prerecorded and computerized. The message has the two parts : The First part being a complete message in itself and then after 30 seconds apparently a defective unintentional part left due to faulty programming.

24.    In mid April, 2010 the Defendant left the following message (Message) on the Plaintiff's answering machine: "Nicaisse please press one if not then please have Nicaisse call IRR at our toll free 1.877.593.4574 regarding a personal business matter. If we have the wrong number please press two. To hear this message again please press the star key. (then a 30 second pause)If you have reached us between business hours please call back Mon – Thursday 8:30 AM – 7PM. Friday 5:30 AM – 5PM."

25.    The Defendant's Message is legally deficient in that it fails to provide the complete required warnings under 15 USC §1692e(11) by failing to include the required warnings identifying themselves as debt collectors, and that it is an attempt to collect a debt and any information would be used for that purpose.

26.    The Defendant's Messages further violates 15 USC §1692e – preface and e(10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 USC §1692e(11).

## FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

27.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e(11), 15 USC §1692e – preface and e(10).

29.     As a result of Defendant's violations of the FDCPA, the Plaintiff and Class have been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

30.     Plaintiff INEZ NICAISSE hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff INEZ NICAISSE  demands judgment from the Defendants INDEPENDENT RECOVERY RESOURCES as follows:

A.     For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.     For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.     For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.     For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E.     A declaration that the Defendant's practices violated the FDCPA;

F.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     New York, New York
           July 30th, 2010

Respectfully submitted,

By: _M. Harvey Rephen_

M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:     (212) 796-0930
Facsimile: (212) 330-7582

*Attorney for the Plaintiff INEZ NICAISSE*

To:     IRR
        24 Railroad Ave.
        Patchogue, N.Y. 11722

        *(Via Prescribed Service)*

        Clerk,
        United States District Court, Eastern of New York
        *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO.:

INEZ NICAISSE ,

                              Plaintiff(s),

        -against-

INDEPENDENT RECOVERY RESOURCES

                              Defendant(s).

---

# CLASS ACTION COMPLAINT

---

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:     (212) 796-0930*
*Facsimile: (212) 330-7582*

---